IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SYLVESTER O. BARBEE                                                      PLAINTIFF

v.                              Civil No. 6:15-CV-06106-SOH-BAB

SGT. STARKEY                                                             DEFENDANT

**AMENDED REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff, Sylvester O. Barbee, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant Starkey's[1] Motion to Dismiss (ECF No. 10).

**I.    BACKGROUND**

Plaintiff filed his Complaint on October 1, 2015. ECF No. 1. Plaintiff noted he had begun another lawsuit dealing with the same facts involved in this action. ECF No. 1, p. 1. The prior case is 6:14-cv-06082, assigned to the Honorable Mark E. Ford in this District.

Plaintiff makes almost identical claims against Defendant Starkey in both cases. Specifically, in both cases, Plaintiff alleges he had a medical restriction of no work requiring the grip of his right hand. Plaintiff alleges Defendant Starkey forced him to work with a field hoe and

---

[1] Due to the handwriting on the Complaint, Defendant's name is incorrectly listed as Stuckey in CMECF.

1

heavy crate in the farm field, making his right hand swell.  Plaintiff's Motion to Amend in the prior case was denied as futile because the injury claimed was *de minimis*.  It was further denied because the amendment was filed with undue delay.

In the instant case, Plaintiff adds the allegation that the swelling caused pain and nerve damage which causes his right hand to be consistently numb.  ECF No. 1, p. 2.

Plaintiff's Complaint does not indicate if he is proceeding against Defendant Starkey in his official or personal capacity.  Plaintiff seeks $150,000 in compensatory damages, $200,000 in punitive damages, and attorney's fees.  ECF No. 1, p. 2.

The Court entered a Report and Recommendation on July 20, 2016.  ECF No. 17.  This report recommended dismissing Plaintiff's Complaint without prejudice because his Complaint proceeded against Defendant in his official capacity, and Plaintiff had not made any official capacity allegations.  Plaintiff objected timely to the report, indicating he intended to proceed against Defendant Starkey in his personal capacity.  ECF No. 18.  In construing Plaintiff's pleadings liberally, I will consider his Objection as containing a request to amend his Complaint.  Accordingly, I enter this Amended Report and Recommendation.

## II.   APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III.   DISCUSSION

As noted above, the Court will interpret Plaintiff's Objection, (ECF No. 18), as containing a request to amend his Complaint. Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

I note the proposed amendment in this case may very well be futile, based on the documents

submitted in this case, as well as the documents and testimony in case number 6:14-cv-06082. However, Plaintiff proceeds *pro se*, and the *pro se* Complaint form he used was not the Court-approved form, and did not include an option prompting Plaintiff as to selecting either personal capacity claims, official capacity claims or both. In light of the liberal construction standard for *pro se* pleadings, it is recommended that Plaintiff be permitted to amend his Complaint at this time.

It is further recommended that the Clerk be directed to send Plaintiff a Prisoner Litigation Guide and the court-approved Complaint Form. Plaintiff should use this form to submit his Amended Complaint. Plaintiff should also be advised the Amended Complaint supercedes, or takes the place of, the Original Complaint. After amendment, the Court will treat the Original Complaint as nonexistent. Any cause of action raised in the Original Complaint is waived if it is not raised in the Amended Complaint. As part of this submission, Plaintiff should also be instructed that he should attach to the Amended Complaint all supporting medical documentation and grievances in his possession which support his claims against Defendant Starkey, whether they have been submitted in this or the prior case previously.

**IV.　CONCLUSION**

Accordingly, I recommend as follows:

a. The Clerk be directed to send Plaintiff a Prisoner Litigation Guide and the court-approved Complaint Form.

b. Plaintiff be allowed to file an Amended Complaint, on the form approved by this court for such filings. Plaintiff should attach all supporting documents, including medical records and grievance forms relevant to his Amended Complaint. Such Amended Complaint should be filed within 30 days of the Court adopting this Report and Recommendation.

c. Plaintiff be advised the Court will treat the Original Complaint as nonexistent and all

claims made by the Plaintiff must be included in the Amended Complaint.

      d.  Defendant Starkey's Motion to Dismiss (ECF No. 10) be **DENIED** as moot for the Original Complaint.  Defendant may refile a Motion to Dismiss upon the filing of the Amended Complaint.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **DATED this 4th day of August 2016.**

      /s/  Barry A. Bryant
      HON. BARRY A. BRYANT
      UNITED STATES MAGISTRATE JUDGE